CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

March 27, 2026

LAURA A. AUSTIN, CLERK
BY: **/s/ M.  Poff**
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| TERRY K. OFORI, | ) | |
| Plaintiff, | ) | Civil Action No. 7:23-cv-00682 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| CARL A. MANIS, *et al.*, | ) | Chief United States District Judge |
| Defendants. | ) | |

## MEMORANDUM OPINION

Terry K. Ofori, a Virginia inmate acting *pro se*, brought this action pursuant to 42 U.S.C.

§ 1983.  This case was opened when it was severed from an amended complaint filed by Ofori in

Case No. 7:23-cv-249.  (Compl., Dkt. No. 1, Dkt. No. 1-4.)  Ofori subsequently filed an amended

complaint on September 26, 2024.  (Am. Compl., Dkt. No. 30.)  The amended complaint alleges

claims for deliberate indifference, violations of due process, and retaliation against 27

defendants.  The defendants have answered (Dkt. Nos. 34, 35, 50, 53, 56, 59) and moved for

summary judgment (Dkt. No. 63).  Defendants move for summary judgment on all claims except

those against one defendant, J. Gilbert.  Ofori filed a response to the motion for summary

judgment (Dkt. Nos. 75, 76) and has also filed a motion to amend the complaint again (Dkt. No.

74).

For the reasons stated below, defendants' motion for summary judgment will be granted.

Ofori's motion to amend the complaint will also be granted.

## I.  BACKGROUND

### A.  Ofori's Amended Complaint[1]

The defendants to this action are Carl A. Manis, Melvin C. Davis, Jeffery Artrip, J.

---

[1] Defendants' motion for summary judgment relies upon the allegations in the amended complaint.

Gilbert, Rick White, David W. Zook, D. Anderson, King, J. Blevins, J.W. Carico, R. Boyd, B. McCray, B.L. Hughes, Cook, M.W. Gilley, S. Stallard, Rutledge, D.J. Brown, T.B. Smith, Chadwick Dotson, T.W. Hall, B.J. Ravizee, C. Mullins, M.D. Powers, J. Winston, J. Mosley, and Christopher Smith.  Ofori is an inmate in Virginia who was previously housed at Wallens Ridge State Prison (WRSP) and Red Onion State Prison (ROSP), both of which are facilities operated by the Virginia Department of Corrections.  All defendants were employed at either Wallens Ridge or Red Onion during the times relevant to the amended complaint.  (Am. Compl.)

The original, unsevered complaint from Case No. 7:23-cv-249 was filed on April 28, 2023.  Ofori filed an action in Wise County Circuit Court, Case No. 21-1277, in 2021, which he nonsuited in 2023 pursuant to Virginia Code § 8.01-380.  (Am. Compl. at p. 23.)

From 2020 to May 13, 2021, both at Wallens Ridge and Red Onion, plaintiff filed complaints about his sleeping conditions due to "constant cell-light illumination while at WRSP."  (Am. Compl. at p. 3.)  These complaints were not addressed to Ofori's satisfaction through the grievance process by Manis, Zook, Anderson, Carico, and others.  (Am. Compl. at p. 3.)

Beginning in mid-2020, Ofori filed complaints about Gilley, Rutledge, D.J. Brown, and J. Gilbert conducting cell searches and pat downs at WRSP without adequate social distancing during the COVID-19 pandemic.  Ofori again was dissatisfied with the outcome of the grievance process, which involved Anderson, King, Carico, and McCray.  Ofori filed more complaints about the same conduct in 2023 without satisfactory outcomes.  These grievances were directed to White, Anderson, and King.  (*Id.* at 4.)

Plaintiff also made several complaints that on July 1, 2021, January 24, 2021, and September 26, 2019, Cook, Davis, Carico, Hughes, Rutledge, D.J. Brown, Gilbert, and Powers

2

did not obtain proper medical treatment for Ofori after an incident in a shower with other inmates. (*Id.* at 4–6.)

Ofori filed more complaints about denial of food trays at WRSP from April 13, 2020, to May 5, 2021. (*Id.* at 7–9.) On February 21, 2022, Ofori complained to Stallard that his food had cross contamination. After receiving an unsatisfactory response, Ofori directed complaints and grievances to Manis and Davis, who also did not give Ofori a favorable outcome. (*Id.* at 10.)

On November 13, 16, and 17, 2022, Gilbert denied plaintiff a food tray.[2] Artrip and Boyd claim that Ofori refused the tray, but Ofori asserts that this was false. (*Id.*) Ofori claims that he experienced the same issues from March 2023 through April 2024. (*Id.* at 11–12.) Ofori did not receive the responses he liked after complaining to White, Anderson, and King.

Ofori further alleges that from January 30, 2020, to July 1, 2021, he filed complaints at WRSP about denial of recreation and outdoor time. Complaints made to White and King about these issues did not receive satisfactory outcomes. (*Id.* at 13–15.) Ofori also alleges claims about the costs of undeliverable mail from 2020 through 2024. (*Id.* at 17–19.)

On May 5, 2021, Ofori complained to Zook, Davis, Anderson, King, and Carico about not having proper fixtures in his cell, which led him and other cellmates to fall out of bunk beds. They did not give Ofori a desirable response. (*Id.* at 20–21.) In 2023, Ofori also complained about not having an outward facing window in his cell. (*Id.* at 21.)

On April 30, 2021, Ofori hung a blanket in violation of VDOC policy and was ordered to take it down. Ofori filed a PREA complaint about this issue. (*Id.* at 21–22.)

Finally, between 2019 and 2020, Ofori asked for a job, but his requests were denied. (*Id.* at 22.)

---

[2] Defendants' motion for summary judgment states that "[o]nly Plaintiff's claims against Gilbert for the denial of trays on November 13, 16–17, 2022 should survive summary judgment." (Dkt. No. 64 at 9.)

**B. Ofori's Response to Motion for Summary Judgment**

In his response to the summary judgment motion, Ofori explains that on August 6, 2021, he submitted a motion for judgment in the Circuit Court of Wise County that consisted in part of claims regarding Ofori being deprived of food, mail, recreation, and retaliation from 2019 to 2020 by WRSP staff.  (Dkt. No. 76.)  Ofori elected to seek a non-suit on March 27, 2023, when the court was taking too long to rule on several issues.  The non-suit was granted on June 28, 2023.  (*Id.*; Dkt. No. 76-1.)  Ofori then filed an amended complaint in Case No. 7:23-cv-249 on July 28, 2023.  (*Id.*)

**C. Ofori's Motion to Amend his Complaint**

Ofori filed a motion to correct his amended complaint to reflect that the person who deprived him of food trays from mid to late 2022 was Smith, a correctional officer at Wallens Ridge, not Gilbert.  (Dkt. No. 74.)

II.  ANALYSIS

**A. Summary Judgment Standard**

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In evaluating a summary judgment motion, a court "must consider whether a reasonable jury could find in favor of the non-moving party, taking all inferences to be drawn from the underlying facts in the light most favorable to the non-movant."  *In re Apex Express Corp.*, 190 F.3d 624, 633 (4th Cir. 1999).  The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest

4

on the allegations averred in the pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate the existence of specific, material facts that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Id.* at 248.

## B. Statute of Limitations

Section 1983 does not contain an explicit statute of limitations but borrows from the forum state's personal injury statute of limitations. *Davis v. Eaton*, Civil Action No. 7:23cv00744, 2025 WL 3140806, at *3 (W.D. Va. Nov. 10, 2025) (citing *Owens v. Okure*, 488 U.S. 235, 251 (1989)). In Virginia, that statute is two years. Va. Code § 8.01-243(A); *Lewis v. Richmond City Police Dept.*, 947 F.2d 733, 735 (4th Cir. 1991).

This action was filed, at the earliest, on April 28, 2023, when Ofori filed his original, unsevered complaint in Case No. 7:23-cv-249. (*See* Dkt. No. 1 in '249 case) (deeming it filed when signed). Most of plaintiff's allegations, described above and in the amended complaint, are claims occurring more than two years prior to April 28, 2023. To the extent that Ofori raises such claims, they are time-barred because he asserts them well past the expiration of the limitations period.

Ofori argues that the limitations period should be tolled by an action that he filed in 2021 in the Circuit Court for Wise County. *See* Case No. CL21-1277. That action was dismissed without prejudice by a nonsuit in 2023. *See Nichols v. Synchrony Bank*, Civil Action No. 7:22-cv-00565, 2023 WL 2474216, at *1 n.3 (W.D. Va. Mar. 13, 2023) (explaining that in Virginia a party may "suffer" its first nonsuit as a matter of right, without the approval of the court or the

5

opposing party, resulting in the case being dismissed without prejudice) (citing Va. Code § 8.01-380).  However, the defendants in the case before this court were not defendants in the Wise County action.  *See Green v. Wells Fargo Bank*, 927 F. Supp. 2d 244, 246 n.2 (D. Md. 2013) (noting that a federal district court may take judicial notice of documents from state court proceedings and other matters of public record).  Accordingly, the pendency of the Wise County case could not have tolled the limitations period for any of Ofori's claims against the defendants in this case.

For these reasons, there is no basis to toll the statute of limitations, and Ofori's claims that accrued more than two years before April 28, 2023, are time-barred.  To the extent that Ofori's claims may not be time-barred, they are addressed below.

## C.  Eighth Amendment Conditions of Confinement Claims

The Eighth Amendment imposes a duty on prison officials to "provide humane conditions of confinement." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).  "Like any other Eighth Amendment claim, an Eighth Amendment conditions of confinement claim has (1) objective and (2) subjective components." *Porter v. Clarke*, 923 F.3d 348, 355 (4th Cir. 2019).  "Only extreme deprivations are adequate to satisfy the objective component." *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003).  "In order to demonstrate such an extreme deprivation, a prisoner must allege a serious or significant physical or emotional injury resulting from the challenged conditions or demonstrate a substantial risk of such serious harm resulting from the prisoner's exposure to the challenged conditions." *Id.*  And to satisfy the subjective component, a prisoner must show that a correctional official "knew of and disregarded an excessive risk to inmate health or safety." *Danser v. Stansberry*, 772 F.3d 340, 347 (4th Cir. 2014).  In other words, "the prisoner must show that the official consciously disregarded a

6

substantial risk of serious harm." *Cartagena v. Lovell*, 103 F.4th 171, 181 (4th Cir. 2024). This is a "very high standard," which is not met by a showing of mere negligence. *Ford v. Hooks*, 108 F.4th 224, 229 (4th Cir. 2024).

Ofori's complaints about lack of recreation time do not rise to the level of an extreme deprivation. The Fourth Circuit has held that a "complete deprivation of exercise for an extended period of time violates Eighth Amendment prohibitions against cruel and unusual punishment." *Mitchell v. Rice*, 954 F.2d 187, 191 (4th Cir. 1992). Plaintiff does not allege such a complete deprivation. *See, e.g.*, *Geissler v. Williams*, C/A No. 1:18-1897-DCN-SVH, 2019 WL 7882395, at *5 (D.S.C. Dec. 18, 2019) ("Generally, even dramatic restrictions on outdoor exercise" are not unconstitutional "so long as prisoners have ample opportunity to enjoy indoor activity").

More generally, the complained of conditions are not deprivations of basic human needs; instead, they are the "uncomfortable, restrictive, or inconvenient conditions of confinement that are part of Plaintiff's criminal penalty." *Hubbert v. Washington*, Civil Action No. 7:14-cv-00530, 2016 WL 3766448, at *6 (W.D. Va. July 8, 2016) (citing *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). Moreover, plaintiff fails to allege or offer evidence that he suffered any physical or emotional injury due to lack of recreation or any of the conditions of confinement about which he complains. *See Geissler*, 2019 WL 7882395, at *5 (dismissing Eighth Amendment claim for lack of recreation due to failure to offer evidence of injury).

Additionally, under the subjective prong, the only defendant specifically linked to any alleged deprivation that is not time-barred is Gilbert's alleged denial of food trays in November 2022. As noted, defendants do not move for summary judgment with respect to this claim. In all other respects, Ofori has not established that defendants consciously disregarded any substantial

7

risks of harm.  Plaintiff alleges that he complained about issues through the grievance process and did not receive desired outcomes, but failures to receive desired grievance outcomes are not cognizable in a § 1983 action.  "It is well settled that an inmate's access to and participation in a prison's grievance process is not constitutionally protected."  *Rivera v. Stirling*, C/A No. 8:15-2135-JMC-JDA, 2015 WL 13734637, at *3 (W.D. Va. June 15, 2015) (citing *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994)).

For these reasons, the court will grant summary judgment to defendants on Ofori's Eighth Amendment claims, except for the claim for food tray denial against Gilbert.

### D.  Remaining Claim Regarding Mail

Ofori appears to be alleging a claim related to the costs of undeliverable mail.  To the extent that such a claim is not time-barred, courts "uniformly recognize that a relatively isolated or short-term disruption of a prisoner's receipt of his mail, legal or otherwise, does not rise to the level of a constitutional deprivation."  *Dickerson v. Global Tel Link Corp.*, Civil Action No. 7:23-cv-00082, 2023 WL 3026735, at *2 (W.D. Va. Apr. 20, 2023) (collecting cases).  Plaintiff has not created an issue of fact that his deprivation rises to the level of a constitutional deprivation.  Also, there are no issues of fact as to whether any deprivation was intentional, as opposed to merely negligent.  *See id.* at *3 (explaining that "negligent interference with an inmate's legal mail does not state an actionable claim under § 1983") (citing *Pink v. Lester*, 52 F.3d 73, 77 (4th Cir. 1995) (holding that a negligent interference with an inmate's right of access to the courts did not state a § 1983 claim)).[3]

---

[3]  To the extent that plaintiff may be alleging claims for retaliation or any other claim not addressed in this opinion, the court considers such claims to be time-barred.

### E.  Official Capacity Claims

Defendants move for summary judgment to the extent that Ofori seeks damages against them in their official capacities.  Defendants will also be granted summary judgment on that basis because they are immune in their official capacities.  *See Darr v. Smith*, Case No. 7:24-cv-00891, 2026 WL 776607, at *1 n.2 (W.D. Va. Mar. 19, 2026) (noting that Eleventh Amendment immunity "applies to judgments against a public servant in his official capacity") (citing *Adams v. Ferguson*, 884 F.3d 219, 225 (4th Cir. 2018)).

### F.  Ofori's Motion to Amend Complaint

Finally, Ofori filed a motion to correct his amended complaint to reflect that the staff member who deprived him of food trays from mid to late 2022 was Smith, a correctional officer at Wallens Ridge, not Gilbert.  (Dkt. No. 74.)  The court will grant this motion and will order the amended complaint to be amended as requested by Ofori.  *See* Fed. R. Civ. P. 15(a)(2) (providing that courts should "freely give leave" to amend "when justice so requires").

### III.  CONCLUSION

The court will issue an appropriate order granting defendants' motion for summary judgment and granting plaintiff's motion for leave to amend.

Entered: March 27, 2026.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
Chief United States District Judge

9